Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
GREAT BOWERY, Inc. d/b/a TRUNK ARCHIVE,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREAT BOWERY, Inc. d/b/a TRUNK ARCHIVE,<br>Plaintiff,<br><br>v.<br><br>GEMTECH REJUVENATION CENTER LLC and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 8:26-cv-3237<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Great Bowery Inc d/b/a Trunk Archive alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d)

and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a place of business at 32 Mercer Street, 2nd Floor, New York, NY 10013.

6. Defendant GemTech Rejuvenation Center LLC ("GRC") is a California limited liability company with a principal place of business in Chino Hills, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Copyright Holder Florian Sommet*

9. Trunk Archive is a full-service photography licensing agency

representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's most prominent photographers is half French and half German photographer Florian Sommet ("Sommet").

12. Sommet is a highly successful photographer specializing in beauty photography. His work shows youthful visions and sensitivity to textures, supported by clean, bright lighting, and colorful props.

13. Sommet licenses his work for a fee.

14. Sommet's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, VOGUE, Madame Figaro, Harper's Bazaar, Marie Claire, GQ,* and *Allure.* Additionally, his work has been used commercially by Chanel, L'Oréal, Helena Rubinstein, Chopard, and Clarins.

15. Sommet's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Sommet's work deters would-be infringers from copying and profiting from his work without permission.

16. Sommet is the sole author and rights holder to a close-up beauty photograph of a model with beauty instruments artfully placed around her face ("Beauty Photograph").

17. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

18. Sommet registered the Beauty Photograph with the United States Copyright Office under Registration Number VA 2-228-838 with an effective date of October 19, 2020.

19. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-228-838.

20. Sommet subsequently granted Trunk Archive the exclusive right to license the Beauty Photograph, which includes the exclusive right to distribute, display, and reproduce the Beauty Photograph.

***Defendant GemTech Rejuvenation Center LLC is a commercial business with online marketing***

21. Upon information and belief, Defendant is and was, at all relevant times, the owner and operator of a commercial website https://gemtechrc.com/ ("Defendant's Website").

22. According to Defendant's Website, GRC is "Led by renwowed plastic surgeon Dr. Marguerite J. Bernett" and offers "advance treatment systems" like Ultratherapy, Potenza RF Microneedling, PicoSure Laser, and HyrdraFacial Syndeo. Additionally, GRC offers "a full range of injectables, including Botulinum Toxin (Botox), dermal fillers, and PRP hair therapy, using the most advanced techniques and formulations to deliver natural, youthful results.". *See* https://gemtechrc.com/about.

23. On information and belief, Defendant's Website generates content in order to promote Defendant's services, attract clients, and increase user traffic to Defendant's Website to generate profit and revenue for the company and its owner(s).

24. At all relevant times, Defendant's Website was readily accessible to the general public throughout California, the United States, and the world.

25. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website via the revenue garnered from customers who book appointments for services after visiting the Website (including the activities alleged in this Complaint).

26. At all relevant times, Defendant had the ability to supervise and control all content on Defendant's Website, including the ability to supervise and control the written and pictural content on the Website via the ability to edit, add, delete, or

otherwise access the Website.

***Defendant's Infringing Conduct***

27. On or about June 4, 2026, Trunk Archive discovered Sommet's Beauty Photograph published by Defendant on Defendant's Website as the centerpiece image on the Website's homepage ("Infringing Post").

28. Attached hereto as Exhibit C is a true and correct screenshot of the Beauty Photograph published to and displayed on Defendant's Website in the Infringing Post.

29. As part of the homepage on Defendant's Website, Defendant placed in depth descriptions of the various services offered by Defendant directly below their unauthorized copy and display of the Beauty Photograph.

30. Upon information and belief, Sommet's Beauty Photograph was one of the first images visible to visitors to Defendant's Website.

31. In no event did Trunk Archive or Sommet consent to, authorize, or provide Defendant with a license to make a copy or publicly display the Beauty Photograph on Defendant's Website with the Infringing Post or in any other manner.

32. Shortly after discovering the Infringing Post, Plaintiff, through counsel, reached out to Defendant via phone, mail, and e-mail, to resolve the matter without Court involvement, but despite being on notice of their unauthorized use, Defendant ignored Plaintiff's attempts to settle this matter informally.

33. Trunk Archive is informed and believes Defendant (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photograph and caused it to be uploaded to and displayed on Defendant's Website.

34. Trunk Archive is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Website was to promote and encourage sales of Defendant's services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by

using Defendant's services.

35. Specifically, Defendant used the Beauty Photograph in the Infringing Post as the centerpiece image on the homepage of Defendant's Website, where it was one of the first images that visitors would see, and was placed directly above in depth descriptions of the services offered by Defendant.

36. Trunk Archive and Sommet do not have records of the Beauty Photograph being licensed to Defendant nor had Trunk Archive or Sommet granted permission for Defendant to make a copy or publicly display the Beauty Photograph on Defendant's Website in the Infringing Post.

37. Trunk Archive is informed and believes Defendant (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Sommet's original and unique Beauty Photograph in order to acquire a direct financial benefit, through revenue from clients using Defendant's services, from the use of the Beauty Photograph.

38. On information and belief, Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph.

39. Specifically, Defendant knew or should have known that the Beauty Photograph belonged to Plaintiff because Defendant did not purchase a license to use the Beauty Photograph but copied and displayed the Beauty Photograph on Defendant's Website.

40. Additionally, when Plaintiff's counsel contacted Defendant regarding the unauthorized use of the Beauty Photographs and attempted to informally resolve the matter without court involvement, Defendant acknowledged Plaintiff's communications and then chose to deliberately ignore Plaintiff's settlement attempts and thus recklessly disregarded the rights granted to Plaintiff under the Copyright Act.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

42. Sommet owns a valid copyright in the Beauty Photograph.

43. Sommet registered the Beauty Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. Sommet granted Trunk Archive the exclusive right to license the Beauty Photograph, which includes the exclusive right to distribute, display, and reproduce the Beauty Photograph.

45. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

46. Specifically, Defendants made an unauthorized copy and then publically displayed the Beauty Photograph with the Infringing Post on Defendant's Website.

47. As a result of Defendants' violations of Title 17 of the U.S. Code, Trunk Archive has sustained significant injury and irreparable harm.

48. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

49. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court, in its discretion, may allow the recovery of full costs from Defendant as

well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

50. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendants infringed Trunk's copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: November 3, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Trunk Archive hereby demands a trial by jury in the above matter.

Dated: November 3, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*